J. S. EVANS v. J. J. TERRELL, COMMISSIONER OF THE GENERAL LAND OFFICE.

No. 1764. Decided December 4, 1907.

**1.—School Land—Purchaser—Affidavit of Settlement.**

The Act of April 15, 1905, regulating sales of school land (Laws, 29th Leg. p. 162) requires the filing by a purchaser of proof of settlement only where he buys with the undertaking to settle on the land purchased. One buying school land in addition to his tract of private land on which he promises to settle is not required to file affidavit that he has done so; he is subject to forfeiture of his rights for failure to make the settlement but not for failure to file proof thereof. (P. 168.)

**2.—Statutory Construction—Casus Omissus.**

The omission, in a statute, with respect to certain persons to which it applies, of a requirement which is imposed upon others, cannot be supplied by construction, though the same reasons for requiring it appear to exist in both cases. (Pp. 168, 169.)

Original application by Evans to the Supreme Court for writ of mandamus against the Land Commissioner.

*Charles Rogan,* for relator.

*Robert V. Davidson,* Attorney-General, and *Wm. F. Hawkins,* Assistant for respondent.

MR CHIEF JUSTICE GAINES delivered the opinion of the court.

This is a petition for the writ of mandamus to compel the respondent, as Commissioner of the General Land Office, to set aside the cancellation of an award of two sections of school land in Trinity County. The defense by respondent is a general demurrer to the petition.

The facts alleged in the petition are, in substance, that the relator being the owner of a small tract of land within a radius of five miles of which are situated the two sections in controversy, made application to purchase them as additional lands to his private land; that on the 28th of February, 1908, one section was awarded to him, and the other a short time thereafter; that within ninety days from the date above mentioned he made extensive improvements upon his private land amounting in value to $800 and settled thereon with his family and has ever since continued to reside thereon; but that on the 3d of September, 1907, the respondent cancelled the awards. endorsing thereon "application and award cancelled; affidavit of

settlement not filed within thirty days after expiration of ninety days after award."

It is clear that the relator has complied with all the requirements of the statute save that of making an affidavit of settlement within 120 days from the date of the award, if that be one. Is such affidavit required in case of a purchase of school land, as "additional to his own private land?" We think not. Section 3 of the Act of April 15, 1905, in relation to the sale and lease of the school lands provides that "any person desiring to purchase any of the surveyed land mentioned in this act shall make a separate application in writing for each tract applied for and be addressed to the Commissioner of the General Land Office. It shall sufficiently designate the tract sought to be purchased, and give the price offered therefor which shall not be less than the appraised value fixed by the Commissioner. Each application shall contain the affidavit of the applicant to the effect that he desires to purchase the land for a home, or as additional to the home applied for, or as additional to his own land which has been theretofore purchased from the State, or as additional to his own private land, as the case may be, and that he is or will, as the case may be, in good faith become in person an actual bona fide settler on some portion of the land he purchases, or upon his other land, as the case may be, within ninety days from the date his application is accepted, also that he is not acting in collusion with others for the purpose of buying the land for any other person or corporation, and that no other person or corporation is directly or indirectly interested in the purchase thereof." (Laws 1905, p. 160.)

The provision of that act in relation to the affidavit of settlement is found in section 4 of the Act and reads as follows: "The applicant shall have ninety days from the date of the acceptance of his application within which to actually settle upon the land so purchased, and he shall within thirty days after the expiration of said ninety days given within which to make settlement, file in the Land Office his affidavit that he has in good faith actually in person settled upon the land purchased by him. Should the applicant fail to make and file the affidavit and proof of settlement as herein provided within the time specified, the Commissioner of the General Land Office shall indorse that fact upon his application, cancelling the same, etc." (Laws 1905, p. 162.)

This clearly applies to a case only where the purchaser bought with the intention of settling upon the land purchased or some part of it. How could a purchaser make this oath, who has made application to purchase lands additional to his own private land and has made affidavit that he will become an actual settler upon his own private land. Clearly the statute prescribes no affidavit appropriate to the latter case. It is difficult to see any reason why the rule should not have been made to apply in such a case as well as in a case where the purchaser proposes to settle upon a part of the land purchased. This can make no difference in the construction of the law. It is simply "casus omissus" to which the maxim applies that "a case omitted is held to have been intentionally omitted." (6

Cyc., 702.) Because we can not see why the Legislature should have made a different rule as to a purchaser who buys school land as additional to his own private land, proposing to make his settlement upon the latter, is no reason why we should read a requirement in the statute which is clearly omitted—and this is particularly true when the effect of such construction would work a forfeiture of a right. Our holding that the failure to file the affidavit of settlement does not in relator's case forfeit his award of the land, does not have the effect of absolving him from the duty of making his settlement and continued occupancy of the land for three years. If the settlement had not been made or if it should be abandoned, it would have been and will be the duty of the Commissioner to forfeit the purchase whenever satisfactorily apprised of the fact.

We think the mandamus should be awarded, and it is accordingly so ordered.