CITY OF BEAUMONT et al. v. CITY OF BEAUMONT INDEPENDENT SCHOOL DIST. et al.

No. 4101.

Court of Civil Appeals of Texas. Beaumont.

Oct. 1, 1942.

Rehearing Denied Oct. 7, 1942.

Geo. E. Murphy, City Atty., and W. A. Tatum, Asst. City Atty., both of Beaumont, for appellants.

J. B. Morris, of Beaumont, for appellees.

WALKER, Chief Justice.

On the 30th day of December, 1919, the City of Beaumont under the provisions of Section 5, Article 11, of the State Constitution, Vernon's Ann.St., adopted a Home Rule Charter. For its governing bodies the charter provided for a Mayor, a City Commission and a City Council. The Charter also provided that the City of Beaumont should constitute an independent school district, subject to the general laws of the state, to be under the management, control and direction of a board of trustees of eight members, with a term of office of two years, whose powers and duties should be as defined by the general laws of the state. The general laws of the State provide that the board of trustees of independent school districts, such as the City of Beaumont Independent School District, shall consist of seven members whose terms of office shall be three years.

Immediately, on the organization of the city government under the new Charter, the City Council elected a board of trustees for the school district in the number and to serve the term of years provided by the Charter. The Board was duly organized, and from its organization to the present time has received all public school money, and has at all times been recognized as a lawful school board by both the state and county school authorities. Its membership has been elected from time to time in the manner directed by the Charter. Since its organization in 1919 the Board has performed all the obligations and duties imposed upon it by law.

From year to year, since 1919, the City Commission and the City Council have levied by ordinance a tax rate for the support and maintenance of the City of Beaumont Independent School District; this tax has been regularly appropriated by the Trustees of the City of Beaumont Independent School District. It should also be said that subsequent to the adoption of the Charter in 1919, the people of the City of Beaumont adopted a tax rate of 70 cents on the $100 valuation of the property within the City of Beaumont for the support and maintenance of its schools. Prior to August, 1942, for the current year of 1942, the School Board duly requisitioned the City Council and the City Commission to levy a tax of 68 cents on the $100 valuation of all taxable property in the City of Beaumont Independent School District for the support of its public schools for 1942, and has continuously insisted on its requisition, which rate of taxation was and is deemed and considered by the Board of Trustees necessary for the support and maintenance of the public free schools of the City of Beaumont Independent School District. The City Commission and the City Council denied the authority of the Board of Trus-

tees to make the requisition, and as against the requisition enacted an ordinance levy- ing a tax rate of 64 cents, which rate in the judgment of the Board of Trustees was and is wholly insufficient to support the public free schools of the City of Beau- mont Independent School District.

On the 4th day of August, 1942, this suit was instituted in the district court of Jef- ferson county by the City of Beaumont Independent School District and its eight trustees against the City of Beaumont, its Mayor, its City Commission, and its City Council, praying for a writ of mandamus against them, compelling them to levy the tax rate for the support of the public schools of the City of Beaumont Inde- pendent School District at the rate of 68 cents, as requisitioned by the Board, and for an injunction restraining the defend- ants from attempting to levy and collect the rate of 64 cents, as levied by the or- dinance passed by the City Commission and the City Council.

For cause of action, appellees alleged generally the facts stated above. They also alleged facts showing the lawful au- thority of the Board of Trustees to make the requisition for a tax rate of 68 cents. They also alleged that the ordinance levy- ing the tax rate of 64 cents was void; that under the provisions of Article 2801, R.C. S., the governing bodies of the City of Beaumont were without authority to levy a tax rate for the support of the public free schools of the City of Beaumont Inde- pendent School District except upon the requisition of the Board of Trustees. The defendants answered by plea in abatement and to the jurisdiction of the district court, to the effect that the Board of Trustees of the City of Beaumont Independent School District was illegally constituted, in that it consists of eight members with a term of office of two years, as against the pro- visions of the general laws of the State fixing the membership of the board of trustees of independent school districts, such as the City of Beaumont Independent School District, at seven members, with a term of office of three years.

On trial to the court without a jury, judgment was in favor of appellees, the City of Beaumont Independent School Dis- trict and its Board, against the City of Beaumont and its City Commission and its City Council and its Mayor, granting them the writ of mandamus and the writ of in- junction as prayed for. From this judg-

ment the defendants have duly prosecuted their appeal to this court.

On submission, appellants conceded that, if the Board of Trustees of the City of Beaumont Independent School District was legally constituted or had been validated by the Legislature, then it had the power to fix the tax rate at 68 cents and that it was the legal duty of the City Commission and the City Council, upon the requisition of the Board of Trustees, to levy and collect a tax for the support of the public free schools in the amount fixed by the requisi- tion of the Board. So, on the concessions made by appellants on submission, which are the law, the controlling issue is the legality of the Board of Trustees of the City of Beaumont Independent School Dis- trict.

Appellees' counter points are: (1) the organization of the Board of Trustees of the City of Beaumont Independent School District has been validated by the Legis- lature; (2) appellants are estopped to ques- tion the legality of the Board; (3) the at- tack on the Board is collateral, and there- fore can not be maintained; (4) the mem- bers of the Board, if not de jure officers, are de facto officers.

Opinion.

Since submission, appellants have filed a most interesting supplemental brief, which we have carefully reviewed.

We sustain appellees' contention that the Board of Trustees of the City of Beau- mont Independent School District was vali- dated by Article 2815g—28 of Vernon's Annotated Civil Statutes, which reads:

"Section 1. All school districts, includ- ing * * * independent school district * * * and all other school districts * * * whether created by General or Special Law in this State, and heretofore laid out and established or attempted to be established by the proper officers of any county or by the Legislature of the State of Texas, and heretofore recognized by either State or county authorities as school districts, are hereby validated in all respects as though they had been duly and legally established in the first instance. * * *

"Sec. 2. All school districts mentioned in this Act are hereby authorized and em- powered to levy, assess, and collect the same rate of tax as is now being levied, assessed, and collected therein and here- tofore authorized or attempted to be au- thorized by any act or acts of said dis-

tricts, or by any Act, whether General or Special, of the Legislature.

"Sec. 3. This law shall not apply to any district which is now involved in litigation, or the validity of the organization or creation of which or consolidation or annexation of territory in or to such district is attacked in any suit or litigation filed within forty-five (45) days after the effective date of this Act. * * *"

On this conclusion, we pretermit a discussion of all points advanced by appellants attacking the legality of the Board, and of all other counter points advanced by appellees in support of the legality of the Board, and of its requisition on the governing bodies of the City of Beaumont to levy and collect a tax rate of 68 cents.

■ The organization of the Board of Trustees of the City of Beaumont Independent School District, with a membership of eight and with terms of office of two years, violated no constitutional provision except the provisions of Sec. 5 of Art. 11, that the Charter of a Home Rule City must not conflict with the general laws of the State. There is no constitutional provision fixing the membership of the board of trustees of independent school districts, such as the City of Beaumont Independent School District, at any specific number, nor fixing their terms of office. This power is delegated to the Legislature by the Constitution. So, in so far as the organization of the Board of Trustees contravened the general statutes, it requires no citation of authority to support the conclusion that the Legislature has had a continuing power since the adoption of the Charter in 1919 to validate the Board of Trustees. Article 2815g—28 purports to validate all independent school districts created by general or special laws and established or "attempted to be established" by the proper officers, and "heretofore recognized by either State or county authorities as school districts."

■ No point is made against the organization of the City of Beaumont Independent School District, as a school district; the attack is simply against its Board of Trustees. The appointment and organization of the Board of Trustees was an essential element of the establishment of the district. The proper officers—the people of the City of Beaumont—certainly "attempted" to establish the Board of Trustees, and this attempt brings the Board within the provisions of this validating act.

■ This conclusion necessarily follows from the language of the Act validating districts "heretofore recognized by either State or county authorities as school districts." The State and county authorities could recognize and deal with the City of Beaumont Independent School District only through its Board of Trustees; the district had no other governing body. Since 1919 these authorities have recognized this Board of Trustees, and have remitted to them hundreds of thousands of dollars of public school money. Clearly, the language of this Act vested the state and county school authorities with authority to deal with this Board of Trustees, and relieved them of liability for all acts done regularly in their dealings with the Board. To hold otherwise would create a tragic condition, appalling in its results. Because of the nature of the dealings of the state and county school authorities with this Board of Trustees, this validating Act should be liberally construed, and every reasonable inference arising on its language should be indulged in support of the legality of the Board of Trustees.

Our conclusion is also compelled by the language of the Title of the validating act, cited above, which reads in part as follows:

"An Act to validate the organization and creation of all school districts, including * * * independent school districts * * * and all other school districts, whether created by General or Special Law or by County Boards of Trustees * * *."

It thus appears from the language of the Title that this Act should be construed as validating the organization of the City of Beaumont Independent School District. The organization of the district comprehended more than the fixing of its boundaries and its status as a municipal corporation. The organization of the district included all other steps necessary to make it a functioning municipal corporation— the creation of its necessary administrative and governing officers. Can it be said that a school district is completely organized when no provision is made for a board of trustees or other governing officers, for their appointment and for their terms of office? To ask the question imports a negative answer. As supporting this conclu-

sion, we give the following definition of "organize" from Black's Law Dictionary, 3d Ed., pp. 1302, 1303, cited by appellees:

"To establish or furnish with organs; to systematize; to put into working order; to arrange in order for the normal exercise of its appropriate functions. The word 'organize' signifies the election and qualification of all necessary officers for the transaction of the business of the corporation. This is usually done after all the capital stock has been subscribed for. New Haven & D. R. Co. v. Chapman, 38 Conn. 56.

"Organized County. A county which has its lawful officers, legal machinery and means for carrying out the powers and performing the duties pertaining to it as a quasi municipal corporation. In re Section No. Six [Township One Hundred and Thirty-Four], 66 Minn. 32, 68 N.W. 323."

It follows that the judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.