## HAYES et al. v. CITY OF BEAUMONT et al.

### No. 4332.

Court of Civil Appeals of Texas. Beaumont.

Oct. 25, 1945.

Rehearing Denied Nov. 7, 1945.

Sonfield & Votaw, of Beaumont, for appellant.

W. A. Tatum, City Atty., and J. B. Morris, both of Beaumont, for appellees.

MURRAY, Justice.

The City of Beaumont filed suit in the district court of Jefferson County against Mark Hayes, Jr., Richard Carey, Sr., and O. H. Pennock in his capacity as administrator of the Estate of Mary Odia Hayes, deceased, for both municipal and school taxes claimed to be due on certain real estate located in said city, and for foreclosure of tax liens thereon. Neither Carey nor Hayes is a party to this appeal and they need not be considered in this cause. Pennock answered the suit, first, by a plea in abatement which alleged that he was administrator of the Hayes' estate, that as such he was in sole possession of the land in controversy and that the City of Beaumont had failed to file any claim for such taxes in the administration then pending in the County Court of Jefferson County. He then answered by various special exceptions and an answer on the merits. Pennock then filed his cross action in which he impleaded the mayor, city council and tax collector of the City of Beaumont, the Beaumont Independent School District and the members of the board of trustees of such school district. In this cross action Pennock seeks to enjoin the City of Beaumont and the other defendants in the cross action from collecting taxes for the School District on the property of the Hayes' Estate. He also prayed for a temporary injunction, enjoining such collection of school taxes. After a hearing, the trial court denied the application for temporary injunction and from the order denying such relief this appeal has been perfected by Pennock.

The material facts which are before us are not in dispute. The City of Beaumont, prior to the year 1919, had incorporated under the general laws of the state and had assumed control over the public schools located within its boundaries. The City was granted a charter under a Special Act of the Legislature of 1909. Sp.Acts 1909, c. 92. In 1919 a charter was adopted by the qualified voters of the City of Beaumont, which enlarged the boundaries of the City of Beaumont for municipal purposes only by including new territory which is called the South Park District and the French District. Such charter expressly provided that the new territory thus included within the city was not included for school purposes and that such new territory should never become a part of Beaumont Independent School District. The City of Beaumont by ordinance, after the adoption of such charter in 1919, took into the Beaumont Independent School District a small amount of territory adjoining the same for school purposes only, and such property was not taken into the City of Beaumont for municipal purposes. At all times since the adoption of such charter and the extension of the city's boundaries for municipal purposes only the City of Beaumont has continued to exercise control of the schools within the city, not a part of the South Park District nor the French District, and has issued bonds and levied, assessed and collected taxes on the property therein. It has, in accordance with the charter provisions, named the Board of Trustees for the Beaumont Independent School District and has collected for school authorities of the Beaumont Independent School District all school taxes.

■ The appellant maintains that since it is undisputed that at one point the Beaumont Independent School District boundaries extend beyond the corporate limits of the City of Beaumont, that since there are two large sections within the corporate limits of the City of Beaumont not included in the Beaumont Independent School District, then the Beaumont Independent School District is not and can not be a municipal school district as provided for in Section 10 of Article 11 of the Constitution of Texas, Vernon's Ann.St. Such constitutional provision reads in part as follows: "The Legislature may constitute any city or town a separate and independent school district * * *." The appellant cites a great many authorities and has provided us with an able and lengthy brief in the form of a written argument. The appellant's entire argument is based upon the premise that the Beaumont Independent School District lost its character as a "separate and independent school district" by the adoption of the charter in 1919, and the consequent failure of the boundaries of the school district and City of Beaumont to coincide. Granted this premise, appellant's argument and propositions are logical and sound. Denied this premise however his attack upon the validity of the Beaumont Independent School District fails entirely. It is conceded that before the 1919 charter was adopted the City of Beaumont was exercising control over its schools and did constitute a separate and independent school district within the meaning of the Article of the Constitution quoted above. In the case of Kuhn v. City of Yoakum, Tex.Civ.App., 257 S.W. 337, and City of Houston v. Little, Tex.Civ.App., 244 S.W. 247, it is held that the annexation of new territory to such a city for school purposes only, outside the corporate limits of the city, did not change the character of the school district. It seems equally logical to us that once a school district's character or status has been established as a municipal school district, then an extension of the city's boundaries for municipal purposes only could likewise not have the effect of changing that character or status, and we so hold.

■ The appellant's attack on the organization of the Board of Trustees of the Beaumont Independent School District, is, of course, based upon the assumption that the school district lost the pre-1919 status when the boundaries of the school district of the City of Beaumont became different by the adoption of the 1919 charter. In the case of City of Beaumont et al. v. Beaumont Independent School District et al., 164 S.W.2d 753, it was held by this court that the validating act passed by the Legislature of Texas, Article 2815g—28, Vernon's Ann.Civ.St., should be construed as validating the organization of the City of Beaumont Independent School District and that it followed therefrom that the appointment and organization of its Board of Trustees was likewise validated and approved, and we follow that holding.

■ The appellant makes a special point of the election held in 1945 in the City of Beaumont, levying a tax of $1.11 on each $100 valuation in the school district. He says that since the purported levy is in excess of the tax limitation of $1 on each $100 valuation, as limited by R.S. § 2784, the tax voted at said election is void and the City of Beaumont and Beaumont Independent School District are without authority to collect same from him. The appellee answers this proposition with the fact that under Article 7 of Section 3 of the Constitution, as it now reads, all common and independent school districts are exempt from the $1 maximum valuation on school taxes. It also points out that Article 2784, R.S., has been repealed and that Article 2784e, Vernon's Ann.Civ.St., now fixes a $1.50 tax limitation on independent school districts. It points out also that at the 1945 session of the Legislature, by Article 2815g—31, effective May 1, 1945, the election held in Beaumont in 1945 was validated by the terms of that Act. Since we believe that the Beaumont Independent School District was not changed in its status by the adoption of the 1919 charter, and that its continued existence has been validated by legislative act, we do not agree with appellant's attack upon the 1945 election.

■ The appellant has filed a reply brief in which authorities are cited and argument presented in support of his proposition that the remedy of temporary injunction in this case is available to him. He relies upon many sound authorities which undoubtedly support the right of the litigant to remedy by temporary injunction to restrain the unlawful collection of taxes pendente lite. The proposition is correct as a general rule of law, in a case in which the threatened levy and collection of the tax is manifestly invalid and illegal. We

do not believe that such a situation obtains in this case. Some of appellant's defenses to the tax suit against him are available upon a trial upon the merits of the case. We do not believe the levy and assessment of taxes for the Beaumont Independent School District are illegal or void. The trial court did not abuse his discretion in denying a temporary injunction to the appellant in this case, and the judgment is affirmed.

WALKER, J., not sitting.