**CITY OF VAN ALSTYNE et al. v. STATE ex rel. BOARD OF TRUSTEES OF THE ANNA INDEPENDENT SCHOOL DIST.**

No. 14451.

Court of Civil Appeals of Texas. Dallas.

Feb. 8, 1952.

Rehearing Denied March 7, 1952.

J. C. Hinsley, Austin, for appellants.

Roland Boyd and Dwight Whitwell, both of McKinney, for appellee.

YOUNG, Justice.

The appeal is from judgment rendered in a quo warranto proceeding brought by The State of Texas through agency of the Criminal District Attorney of Collin County, as plaintiff, on relation of the Board of Trustees of Anna Independent School District, Collin County, against the City of Van Alstyne and Board of Trustees of the Van Alstyne Independent School District as defendants. Prior to the instant controversy the City of Van Alstyne (claiming authority under Art. 2803, Vernon's Ann.Civ.St., for its action) had passed ordinance No. 238 extending the corporate limits of the City for school purposes only, so as to include a part of the Anna Independent School District; appellee asserting invalidity of such ordinance. In a trial to the court said order of extension was held to be void and that, in consequence, the territory described therein did not become a part of the City of Van Alstyne for school purposes, nor was such area subject to control by the City or the Van Alstyne Independent School District. Appeal was duly perfected by the Van Alstyne authorities from this adverse ruling.

It was agreed between the parties that the Anna Independent School District is a duly organized and acting public corporation under State Laws, lying in the north-

ern part of Collin County near the south boundary line of Grayson County; that Van Alstyne is a duly incorporated City located in the south portion of Grayson County, having complete control and management of the Van Alstyne Independent School District which covers generally the City of Van Alstyne and adjacent area; extending over into Collin County, adjoining Anna Independent School District line, and supervised by appellant Board of Trustees.

The stipulations further provided: "That on or about the 18th day of August, 1950, the City of Van Alstyne, acting by and through its Board of City Commissioners, passed an ordinance, a true copy of which is attached to plaintiff's original petition; that the purpose of said ordinance was to take out of the Anna Independent School District certain territory which had theretofore been incorporated within the limits of said Anna Independent School District, and to annex said territory to the City of Van Alstyne, Texas, for school purposes only; that this suit was filed on the 17th day of November, 1950, and thereafter, to-wit, on the 8th day of December, 1950, the Board of Commissioners of the City of Van Alstyne, by their Ordinance No. 238, passed an ordinance, a true copy of which is attached to defendant's original answer; that since the passage of said ordinance the City of Van Alstyne has claimed the territory described in said ordinance as a part of the Van Alstyne Independent School District, and is asserting dominion over said territory and is attempting to levy and assess taxes upon taxable property situated in said territory, thus depriving the Anna Independent School District of the tax revenue on said property. That at the time of passing said first ordinance the Anna Independent School District had outstanding bonds in the amount of $13,200 (about $13,000), that no provision has been made by the City of Van Alstyne to assume any part of the bonded indebtedness; that prior to the purported annexation ordinance the Anna Independent School District had voted a $40,000 bond issue on July 1, 1950, and the territory over which said bond election was held included the territory now in question; but at the time of the passage of the first of such ordinances none of such bonds authorized by the election of July 1, 1950, had been issued or sold; that since the passage of said ordinance the Attorney General has refused to approve said issue; that the total assessed valuation of taxable property in the Anna Independent School District, before said ordinance was passed, was $873,913; that the total assessed valuation of taxable property in the territory in question, at the same time, was $27,999; that on the 28th day of July, 1947, the County School Trustees of Grayson County, and the County School Trustees of Collin County, the Board of Trustees of the Van Alstyne School District, the Board of Trustees of the Anna Independent School District, and the City Commission of the City of Van Alstyne, Texas, took certain action at a meeting held in the City of Van Alstyne in Grayson County, Texas, and entered certain orders, as reflected by the following true copies of the minutes of such Boards, including any attachments or exhibits to such minutes. (Effect of this 1947 transaction, pursuant to Art. 2742f, sec. 1, was a division of the territory comprising two common school districts of Collin County, adjoining the Grayson County line, which could no longer provide proper instruction for their scholastics; attaching part of same to the Van Alstyne Independent School District and part to the Anna Independent School District.) That before the City Commission of the City of Van Alstyne enacted the ordinance of December 8, 1950, a petition, signed by a majority of the resident qualified voters of the territory described in said ordinance, was presented to such City Commission of the City of Van Alstyne; that prior to the enactment of such ordinance it was recommended to the City Commission of the City of Van Alstyne, by the unanimous vote of all the trustees of the public free schools of the City of Van Alstyne, that such territory be annexed to the City of Van Alstyne, Texas, for school purposes only; the proposed annexation would not deprive the scolastic children of the remain-

674

ing Anna Independent School District of an opportunity of attendance upon school.

"That said Van Alstyne Independent School District is a county line school district in that parts are in Grayson County and in Collin County. That no action has been taken either by the Grayson County Board of School Trustees or the Collin County Board of School Trustees, or the Trustees of the Anna Independent School District with reference to the disputed territory which is the subject of this lawsuit, nor has either County Board of Trustees made any adjustment on outstanding bonds of the said Anna District. The said Anna Independent School District is situated wholly in Collin County, Texas, and was at all times pertinent to this proceeding. That the plaintiff's first amended original petition was filed on May 1, 1951. That there was introduced at the present Regular Session of the Texas Legislature a House Bill 86 which was passed by the House of Representatives on March 1, 1951, and by the Senate on April 12, 1951, and was passed by the required vote to make the same immediately effective upon approval by the Governor of Texas, that the Governor of Texas signed and approved said House Bill 86 on April 24, 1951; that the House Bill became effective on April 24, 1951, and that on April 24, 1951, there was not any proceeding of any nature before the State Commissioners of Education of Texas or the State Board of Education in Texas in which said Ordinance No. 238 of the City of Van Alstyne, Texas, was attacked or its validity questioned, nor was the validity of same at that time involved in any other court or suit except this proceeding. That this suit was originally filed in the 59th District Court of Collin County, Texas, on the 17th day of November, 1950; that it was on the 8th day of February, 1951, transferred to the 59th District Court of Grayson County, Texas; that the annexation of the territory in question was attacked in plaintiff's original petition, which was filed on the 17th day of November, 1950; that subsequent to the 17th day of November, 1950, to-wit, the 8th day of December, 1950, Van Alstyne City Ordinance No. 238

was passed; that said ordinance covered the same territory which was the subject of the original suit. That on the 24th day of February, 1951, a pre-trial was held in this suit wherein it was stipulated that the City of Van Alstyne had passed said Ordinance No. 238. That in defendant's original answer, filed on the 8th day of December, 1950, said answer pleaded the passage of Ordinance No. 238 and had annexed thereto said ordinance as an exhibit and by reference incorporated same in said pleading. It is stipulated that the two ordinances cover the identical land."

In response to defendant's request, the trial court made and filed the following findings of fact and conclusions of law: (Findings 1, 2, and 3, relative to legal status of the two Districts, are omitted, having already been stated as matters of fact.) "(4) That the present common boundary line between the two districts was filed on the 28th day of July, 1947 by the joint and simultaneous action and orders of the Grayson County and Collin boards of school trustees, and the trustees of each of the two districts. (5) That the City of Van Alstyne, acting under the purported right given it by Article 2803 of the Revised Civil Statutes attempted to extend its corporate limits for school purposes only, so as to detach from the Anna School District and annex to the Van Alstyne district the territory described in the ordinances passed by the City Commission of Van Alstyne; which ordinances are attacked in this suit and are shown in the record of this case. (6) That all ordinances were passed without the permission of the Collin County Board of School Trustees, or the permission of the trustees of the Anna Independent School District, or the permission of the Grayson County Board of School Trustees, but with the consent of the trustees of Van Alstyne School District, and upon a signed petition as required by Article 2803. (7) That at the date of the passage of the ordinances by the City of Van Alstyne, the Anna School district had outstanding unpaid bonds in the sum of $13,000.00, and no attempt was made, or has been made, by the City of Van Alstyne to assume any

part of said bonds. Conclusions of Law: (1) Article 2803 Revised Civil Statutes does not authorize or permit the City of Van Alstyne, Texas, to extend its corporate limits for school purposes only, so as to take territory out of the Anna Independent School District and add it to the Van Alstyne School District. (2) There is no law in Texas which authorized the City of Van Alstyne to pass the ordinances which it did pass, and such purported ordinances are therefore null and void and should be set aside. (3) That the boundaries of a County line school district, such as the Van Alstyne district, can only be changed by the joint consent and action of the County School Trustees of both Collin and Grayson Counties."

Appellant's principal complaints are contained in points 2 to 9 inclusive, directed to the court's action in holding void the ordinance in question as not authorized by Art. 2803, V.A.C.S.; and in consequence that the territory described in said ordinance did not become a part of the City of Van Alstyne for school purposes or of the Van Alstyne Independent School District. Point 10 challenges the further trial court conclusion that the boundaries of the Van Alstyne Independent School District can be changed only by joint action and consent of County School Trustees of both Collin and Grayson Counties; and the last point (11) complains of the court's refusal to hold that the City ordinance 238 had been validated by Acts 1951-52nd Leg., Ch. 74, p. 119, Art. 2815g–45, V.A.C.S.

This appeal involves merely a consideration of Art. 2803 (Acts of 1905, p. 263) which so far as here pertinent, reads: "Any city or town that has taken charge of the public free schools within its limits, or that shall hereafter take charge of the same, may, by ordinance, extend its corporation lines for school purposes only, on a petition signed by a majority of the resident qualified voters of the territory, which is to be taken into said city or town for school purposes only, and recommended by a majority vote of the trustees of the public free schools of said city or town; provided, that the proposed change shall not deprive the scholastic children of the remaining part of the common school district or districts which may be affected by the proposed change, of the opportunity of attendance upon school." Validity of the foregoing legislation, relative to the extension of municipal boundaries for school purposes only into territory of an adjoining *common* school district has been many times sustained. Moerschell v. City of Eagle Lake, Tex.Civ.App., 236 S.W. 996; City of Eagle Lake v. Lakeside Sugar Refining Co., Tex.Civ.App., 144 S.W. 709; Poteet v. Bridges, Tex.Civ.App., 248 S.W. 415; Hayes v. City of Beaumont, Tex.Civ. App., 190 S.W.2d 835; City of Houston v. Little, Tex.Civ.App., 244 S.W. 247; Kuhn v. City of Yoakum, Tex.Civ.App., 257 S.W. 337; Kuhn v. City of Yoakum, Tex.Com. App., 6 S.W.2d 91.

But in the case at bar, appellant is an *independent* school district; the issue before us narrowing to the single question of whether Art. 2803 authorizes a municipality such as Van Alstyne, having charge of its public schools, to extend its corporate limits for school purposes only, so as to take away territory from another *independent* district.

Appellants vigorously contend that the question posed should have an affirmative answer; and, assuming the law to be unambiguous, advance the following argument in support: "The first provision of Art. 2803, before the first semi-colon, is a general grant of authority to such cities to extend their boundaries by ordinance for school purposes only in every respect and without limitation where the required petition and trustee approval is presented. There is in that grant no limitation as to size, direction, or the kind of a school district from which such territory is to be taken. It is a full and complete grant of authority to annex territory for school purposes only. That part of the statute following the semi-colon, reading 'provided, that the proposed change shall not deprive the scholastic children of the remaining part of the common school district or districts which may be affected by the proposed change, of the opportunity of attendance upon school', is only a proviso, a limitation upon the general grant of power

preceding it, and merely means that such authority must not be used by such city to deprive scholastics remaining in part of a common school district, or of districts not limited as to type, of an opportunity to attend school. We should note in this connection that in such proviso following the words 'common school district' appear the words 'or districts' unqualified by adjective, which could include independent as well as common school districts." [1] Likewise, appellant argues that "the general grant of authority in the beginning of Art. 2803 should be liberally construed to include the authority of a city to extend its limits to include a part of an independent school district for school purposes only unrestricted by the proviso, under the general rule stated in 62 C.J.S., Municipal Corporations, § 41, page 122, that 'Instead of being against the policy of the law, changes of territorial limits of. municipal corporations to meet new conditions are favored.' "

Art. 2803 originates as Sec. 148, p. 302, General Laws of 1905, which early legislation sought expressly to provide for "A Complete System Of Public Free Schools In Texas." Beginning with sec. 50, this comprehensive Act was set off into three subdivisions, styled Common, Independent, and Districts in Towns and Villages Incorporated for School Purposes Only. It will be observed that the General Laws of 1905 dealt with all categories of school districts then in existence; sec. 148 under subdivision of "Independent" districts, going on to provide "that the proposed change shall not deprive the scholastic children of the remaining part of the *common school district or districts* which may be affected by the proposed change, of the opportunity of attendance upon school." (Emphasis ours.) Obviously, in our opinion, the authority granted by this early enactment relates only to a common school district or districts. No case thus far has given it any other interpretation,

though appellants point out that the words "or districts" *could* include. independent districts as well as common. But when the import of a statute is clear, there is no room for construction, and effect must be given thereto according to its terms. Board of Insurance Commissioners, etc. v. Guardian Life Ins. Co., 142 Tex. 630, 180 S.W.2d 906; Cramer v. Sheppard, 140 Tex. 271, 167 S.W.2d 147; Moore v. Lumbermen's Reciprocal Association, Tex.Com. App., 258 S.W. 1051; Anderson v. Penix, 138 Tex. 596, 161 S.W.2d 455; State Highway Department v. Gorham, 139 Tex. 361, 162 S.W.2d 934. If the Legislature had intended to embrace all school districts in the Act, it could have expressed such intention in plain language; and this court cannot so expand the statute or even speculate as to why the power conferred under Art. 2803 has been restricted to common districts alone. For applicable principle, see Board of Insurance Commissioners v. Guardian Life, supra; Weaver v. Robison, 114 Tex. 272, 268 S.W. 133; Turner v. Cross, 83 Tex. 218, 18 S.W. 578, 15 L.R.A. 262; Evans v. Terrell, 101 Tex. 167, 105 S.W. 490. "We can see no reason why the statute should not have conferred the right as well in the one case as in the other, but the fact remains that it has not done so, and the courts are not authorized to extend the scope and application of the statute merely because there is apparently no reason why the right given in the case named therein should not have been given in other cases." Aetna Life Ins. Co. v. Otis Elevator Co., Tex.Civ.App., 204 S.W. 376, 378, writ refused.

At any rate, if a judicial interpretation on our part be required, "There is a rule of statutory construction, which is sometimes applied, to the effect that where words of general import are followed immediately by words of restricted import, the general language will be limited by the more restricted language." Gulf

---

1. As authority, Roberts v. Yarboro & Wimberly, 41 Tex. 449, is cited, which case quotes with approval the following language of United States v. Dickson, 15 Pet. 141, 165, 10 L.Ed. 689: "When the enacting clause is general in its language and objects, and a proviso is afterward introduced, that proviso is construed strictly, and takes no case out of the enacting clause which does not fall fully within its terms."

Insurance Co. v. James, 143 Tex. 424, 185 S.W.2d 966, 969; 59 C.J., p. 980; 50 Am. Jur., p. 244. Furthermore, any ambiguity or obscurity in terms of the statute (if such may be assumed) must operate in favor of the State. Magnolia Petroleum Co. v. Walker, 125 Tex. 430, 83 S.W.2d 929.

 The action taken by appellant authorities is therefore not authorized under Art. 2803, rendering the city ordinance in question void and of no effect. It is therefore unnecessary to discuss the further trial court holding that the boundary lines of a County line school district (such as the Van Alstyne District, municipally controlled) can be validly changed only "by joint consent and action of the County school trustees of both Collin and Grayson Counties."[2]

██ Neither was ordinance 238, passed December 8, 1950, validated perforce of Art. 2815g–45, Acts 1951, 52nd Leg., p. 119, Ch. 74, effective April 23, 1951. As shown by stipulations of record, the original petition of appellee was filed November 17, 1950 attacking ordinance 233 of August 18, 1950, relating to identical subject matter and not repealed by successor ordinance 238 of December 8, 1950. Plaintiff's amended original petition of May 1, 1951 merely continues its attack on defendants' purported annexation of Anna district territory—the obvious objective of both ordinances. The validating Act here sought to be invoked provides in part that the same *"shall not apply to any district which is now involved in litigation in any district court of this State,* the Court of Civil Appeals, or the Supreme Court of Texas, in which litigation the validity of the organization or creation of such district or the consolidation *or annexation of territory* in or to such district is attacked, * * *." (Emphasis ours.)

Judgment of the trial court is accordingly affirmed.

---

2. We venture the assertion, however, that in so far as a detachment of territory from Anna Independent School District is concerned, the provisions of Art. 2742f, secs. 1 and 2, must be complied with. Sec. 1 provides, in part: "In each county of this State the County Board of Trustees shall have the authority, when duly petitioned as herein provided, to detach from and annex to any school district territory contiguous to the common boundary line of the two districts; provided the Board of Trustees of the district to which the annexation is to be made approves, by majority vote, the proposed transfer of territory and provided, further, that where the territory to be detached exceeds ten per cent (10%) of the entire district the petition must be signed by a majority of the trustees of said district in addition to a majority of the qualified voters of the territory to be detached. * * *" Sec. 2: "Any outstanding indebtedness affected by changes in the boundaries of school districts shall be adjusted by the County Board of Trustees * * *." This statute applies to both common and independent school districts. Prosper Independent School District v. Collin County School Trustees, Tex.Civ.App., 51 S.W.2d 748, affirmed Tex.Com.App., 58 S.W.2d 5.