COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-242-CV

CARROLL INDEPENDENT APPELLANT

SCHOOL DISTRICT

V.

NORTHWEST INDEPENDENT APPELLEE

SCHOOL DISTRICT

------------

FROM THE 141ST DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

I.  Introduction

Carroll Independent School District appeals the trial court’s order granting the plea to the jurisdiction filed by Northwest Independent School District on Carroll ISD’s declaratory judgment and trespass to try title claims.  In four issues, Carroll ISD complains that the trial court improperly granted the plea.  We reverse.

II.  Background Facts and Procedural History

The county line between Tarrant and Denton Counties has long served as the common boundary between Northwest ISD, which lies to the north of the county line, and Carroll ISD, which lies to the south.  When Northwest ISD was consolidated in 1949, the order defined the district’s southern boundary as lying “along said County Line.”  In 1989, the Texas Legislature enacted section 19.010 of the Education Code, which required every school district to file a “complete and legally sufficient description of the boundaries of the district” with the Texas Education Agency (TEA).
(footnote: 1)  Pursuant to this statutory requirement, Northwest ISD filed a boundary description showing a portion of its southern boundary as lying along “the County Line between Denton and Tarrant Counties.”  Carroll ISD filed a description showing its northern boundary as the “North line of Tarrant County.” 

The precise location of the Tarrant-Denton County line was the subject of a protracted dispute that was eventually resolved as a result of our 2002 decision in 
Tarrant County v. Denton County
.
(footnote: 2)  The true location of the line was, however, slightly north of where Denton County or either of the school districts had previously believed it to be.

Thereafter, on October 10, 2003, the Northwest ISD Board of Trustees passed a resolution that purported to establish the school district’s southern boundary by a metes and bounds description that appears to follow what is known as the “White line,”
(footnote: 3) which lies to the south of the true county line.  Northwest ISD then filed the resolution with the TEA.
(footnote: 4)  Carroll ISD responded with a letter to the TEA stating that its northern boundary follows the county line as established by our decision in 
Tarrant County v. Denton County.
  Thus, both school districts are claiming an area that lies between the White line on the south and the Tarrant-Denton County line on the north (the Disputed Area).   Carroll ISD filed the underlying suit on March 1, 2005, alleging a cause of action for trespass to try title and seeking a declaratory judgment relating to its rights and duties to educate children and collect taxes in the Disputed Area.  Northwest ISD then filed a plea to the jurisdiction based on the following grounds: (1) a school district is not a “person” within the meaning of the Declaratory Judgments Act (the Act); (2) the subject matter of this case is not a matter upon which relief may be granted under the Act; (3) a boundary dispute may not be asserted as a declaratory judgment action; (4) section 13.051 of the Education Code provides the exclusive method for changing school district boundaries; and (5) Northwest ISD’s determination of its southern boundary can be attacked only via a quo warranto proceeding.

After a hearing, the trial court granted Northwest ISD’s plea to the jurisdiction on the basis that Carroll ISD’s claims constituted “a claim that the existing boundary line between [the] two . . . school districts should be modified[, and the claim] must be submitted to the appropriate authority or authorities as required by the Texas Education Code.” This appeal followed.

III.  Texas Education Code

In its first issue, Carroll ISD contends that the trial court improperly granted Northwest ISD’s plea to the jurisdiction based on section 13.051 of the Education Code.  Carroll ISD argues that section 13.051 does not apply to this case because Carroll ISD is not seeking to change the school districts’ common boundary since the boundary is, and always has been, the Tarrant-Denton County line.  Carroll ISD argues that it merely seeks a judicial determination regarding whether the Disputed Area is in the Carroll ISD or the Northwest ISD.

Northwest ISD argues that Carroll ISD is seeking to change the geographic boundaries separating the two school districts and to transfer to itself from Northwest ISD property and a significant tax base and student population.  Northwest ISD contends that section 13.051 of the Education Code provides the only mechanism for accomplishing such a transfer.

The trial court must determine at its earliest opportunity whether it has the constitutional or statutory authority to decide the case.
(footnote: 5)  Whether a trial court has subject matter jurisdiction is a question of law that we review de novo.
(footnote: 6)  When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the trial court’s jurisdiction to hear the case.
(footnote: 7)  We construe the pleadings liberally in favor of the plaintiff and look to the pleader’s intent.
(footnote: 8)
 If, however, a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do.
(footnote: 9)  The court should, of course, confine itself to the evidence relevant to the jurisdictional issue.
(footnote: 10)  The purpose of a plea to the jurisdiction is not to force the plaintiff to preview its case on the merits but to establish a reason why the merits of the plaintiff’s claims should never be reached.
(footnote: 11)
 Section 13.051 provides an administrative scheme for changing school district boundaries.  Specifically, it allows territory to be “detached from a school district and annexed to another school district that is contiguous to the detached territory.”
(footnote: 12)  The procedure begins with a petition signed by a majority of the registered voters residing in “the territory to be detached and annexed,” which must be presented to each district’s board of trustees.
(footnote: 13)  If both districts’ boards of trustees approve the petition, the commissioners court of the county (or counties) where the territory is located is required to “enter an order redefining the boundaries of the districts affected by the transfer.”
(footnote: 14)  If one board of trustees disapproves the petition, an aggrieved party in either district may appeal the board’s decision to the Commissioner of Education.
(footnote: 15)  The Commissioner’s decision may be appealed to a Travis County district court.
(footnote: 16)
 In this case, Carroll ISD is not attempting by its suit to change the existing boundary line between the two school districts.  Rather, Carroll ISD is seeking a judicial declaration regarding whether the Disputed Area is in the Carroll ISD or the Northwest ISD.  For example, in its pleadings, Carroll ISD alleges that the two school districts have always defined their joint boundary as coterminous with the Tarrant-Denton County line;
(footnote: 17) that a court has determined that the county line is farther north than the two school districts previously believed; and that, consequently, a boundary dispute has arisen between Carroll ISD and Northwest ISD.  Carroll ISD does not ask the trial court to “detach” the Disputed Area from Northwest ISD and annex it to Carroll ISD.  Thus, the relief Carroll ISD seeks is not detachment and annexation, but a judgment resolving the boundary dispute by declaring what the parties’ rights, interests, and obligations are in the Disputed Area.

 For these reasons, having carefully considered Carroll ISD’s pleadings and the relevant jurisdictional evidence submitted by both parties, we hold that Carroll ISD does not seek to detach and annex the Disputed Area from Northwest ISD, but seeks only a judicial determination regarding in which of these districts the Disputed Area is, and always has been, located.  Accordingly, the trial court erred by granting Northwest ISD’s plea to the jurisdiction on the ground that Carroll ISD seeks a modification of the existing boundary line between the two districts.
(footnote: 18)  Therefore, we sustain Carroll ISD’s first issue.

IV.  Declaratory Judgment Claim

Northwest ISD also argued in its plea to the jurisdiction that the trial court lacks jurisdiction over Carroll ISD’s declaratory judgment action because a boundary dispute may not be prosecuted under the Act and because Carroll ISD is not a “person” under the Act.  Carroll ISD challenges these grounds in its second and third issues.
(footnote: 19) 

Whether a plaintiff can establish the right to maintain its suit under a particular statute does not affect the trial court’s subject matter jurisdiction over the case, but only the plaintiff’s right to relief.
(footnote: 20)  Thus, the alleged inapplicability of the Declaratory Judgments Act to the facts of this case does not support the trial court’s order granting Northwest ISD’s plea to the jurisdiction.  Moreover, the term “person” includes a “municipal or other corporation of any character.”
(footnote: 21)  School districts are local public corporations that have the same general character as municipal corporations.
(footnote: 22)  Therefore, Carroll ISD is a person for purposes of the Act.  We sustain Carroll ISD’s second and third issues.

V.  Quo Warranto

Northwest ISD further argued in its plea to the jurisdiction that the trial court lacks subject matter jurisdiction over Carroll ISD’s suit because the suit is analogous to an attack on the validity of a city’s annexation of territory, which can be raised only in a quo warranto proceeding.
(footnote: 23)  Carroll ISD challenges this argument in its fourth issue.  

We disagree with Northwest ISD’s characterization of Carroll ISD’s suit.  Carroll ISD has simply alleged that the two school districts are in a boundary dispute as a result of the determination that the true Tarrant-Denton County line is farther north than the parties originally believed.  Carroll ISD has not alleged that Northwest ISD is attempting to annex Carroll ISD’s property.
(footnote: 24)  Therefore, Carroll ISD was not required to bring a quo warranto proceeding.  We sustain Carroll ISD’s fourth issue.

V.  Conclusion

Having sustained Carroll ISD’s issues, we reverse the trial court’s order granting Northwest ISD’s plea to the jurisdiction and render judgment denying the plea.
(footnote: 25)  We remand the case to the trial court for further proceedings.
(footnote: 26)

JOHN CAYCE

CHIEF JUSTICE

PANEL A:  CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DELIVERED:  January 17, 200
8

FOOTNOTES
1:
Act of May 5, 1989, 71st Leg., R.S., ch. 150, § 1, 1989 Tex. Gen. Laws 528, 528 (current version at 
Tex. Educ. Code Ann.
 § 13.010(a)(1) (Vernon 2006)).

2:
See generally Tarrant County v. Denton County,
 87 S.W.3d 159, 161-66, 176 (Tex. App.—Fort Worth 2002, pet. denied), 
disapproved on other grounds by Martin v. Amerman,
 133 S.W.3d 262 (Tex. 2004).

3:
The “White line” was surveyed by George White in 1852 at Denton County’s request.  
Id.
 at 161, 167.

4:
The Education Code requires each school district to file “a complete and legally sufficient description of [its] boundaries.”  
Tex. Educ. Code Ann.
 § 13.010(a)(1).  School districts are required to amend this information “if the boundaries of the district change or if any other change makes the information on file incomplete or inaccurate.”  
Id.
 §  13.010(b).

5:
Tex. Dep’t of Parks & Wildlife v. Miranda,
 133 S.W.3d 217, 226 (Tex. 2004).

6:
Id.
; 
Tex. Natural Res. Conservation Comm’n v. IT-Davy,
 74 S.W.3d 849, 855 (Tex. 2002).

7:
Miranda,
 133 S.W.3d at 226; 
Tex. Ass’n of Bus. v. Tex. Air Control Bd.,
 852 S.W.2d 440, 446 (Tex. 1993).

8:
Miranda,
 133 S.W.3d at 226.

9:
Id.
 at 227; 
Bland ISD v. Blue,
 34 S.W.3d 547, 555 (Tex. 2000).

10:
Bland ISD,
 34 S.W.3d at 555.

11:
Id.
 at 554.

12:
Tex. Educ. Code Ann.
 § 13.051(a) (Vernon 2006).

13:
Id.
 § 13.051(a), (b)(1)(A).

14:
Id.
 § 13.051(i).

15:
Id.
 §§ 13.051(j), 7.051, 7.057(a) (Vernon 2006); 
see Nueces Canyon Consol. ISD v. Cent. Educ. Agency,
 917 S.W.2d 773, 774 & n.2 (Tex. 1996).

16:
Tex. Educ. Code Ann. 
§ 7.057(d).

17:
Both the property description in the 1949 court order approving formation of the Northwest ISD and the property descriptions that each school district filed with the TEA in 1990 provide that the common boundary line between the two districts is the Denton-Tarrant County line.  Northwest ISD, however, produced affidavit evidence in the trial court that the common boundary line between the two districts was intended to be south of what has now been determined to be the true county line. 

18:
The cases on which Northwest ISD relies in support of its argument to the contrary are inapposite because in both cases it was undisputed that municipalities were attempting to annex property.  
See Acker v. Skinner,
 264 S.W.2d 503, 506 (Tex. Civ. App.—Dallas 1953, writ ref’d n.r.e.); 
City of Van Alstyne v. State ex rel. Bd. of Trustees of the Anna ISD,
 246 S.W.2d 671, 672 (Tex. Civ. App.—Dallas 1952, writ ref’d n.r.e.).

19:
Although the trial court did not rule on these grounds, we must uphold the trial court’s order granting Northwest ISD’s plea to the jurisdiction on any legal theory that was properly before the court.  
See Guar. County Mut. Ins. Co. v. Reyna,
 709 S.W.2d 647, 648 (Tex. 1986); 
Smith v. Duncan Land & Exploration, Inc.,
 No. 02-05-00334-CV, 2006 WL 2034031, at *3 n.3 (Tex. App.—Fort Worth July 20, 2006, no pet.) (mem. op.).  Therefore, we will consider these grounds.

20:
Dubai Petrol. Co. v. Kazi,
 12 S.W.3d 71, 76-77 (Tex. 2000).  
Martin v. Amerman,
 on which Northwest ISD relies, does not address the trial court’s subject matter jurisdiction over a declaratory judgment claim.  
See
 133 S.W.3d at 265-67.

21:
Tex. Civ. Prac. & Rem. Code Ann.
 § 37.001 (Vernon 1997).

22:
San Antonio ISD v. McKinney,
 936 S.W.2d 279, 283 (Tex. 1996); 
Love v. City of Dallas,
 120 Tex. 351, 40 S.W.2d 20, 26 (1931); 
see also W. Orange-Cove Consol. ISD v. Alanis,
 107 S.W.3d 558, 583-84 (Tex. 2003) (holding that school districts had standing to sue under the Declaratory Judgments Act).

23:
See Werthmann v. City of Fort Worth,
 121 S.W.3d 803, 805 (Tex. App.—Fort Worth 2003, no pet.) (“The only proper method for attacking the validity of a city’s annexation of territory is by quo warranto proceeding, unless the annexation is wholly void.”).

24:
The cases cited by Northwest ISD are inapposite because they all involve challenges to the validity of proceedings creating, consolidating, or enlarging school districts.  
See Terrell v. Clifton ISD,
 5 S.W.2d 808, 810 (Tex. Civ. App.—Waco 1928, writ ref’d); 
Tilton v. Dayton ISD,
 2 S.W.2d 889, 893 (Tex. Civ. App.—Beaumont 1928, writ dism’d w.o.j.); 
Hoya v. Woden ISD,
 292 S.W. 942, 944 (Tex. Civ. App.—Beaumont 1927, no writ); 
Wilson v. Brown,
 145 S.W. 639, 641 (Tex. Civ. App.—Dallas 1912, no writ).

25:
See
 
Tex. R. App. P.
 43.2(c).

26:
See
 
Tex. R. App. P.
 43.2(d).