Elzie WHITE (1954 Oldsmobile Automobile), Appellant,

v.

STATE of Texas, Appellee.

No. 15623.

Court of Civil Appeals of Texas.

Dallas.

Oct. 9, 1959.

Rehearing Denied Nov. 6, 1959.

Marvin Shwiff, Dallas, for appellant.

Henry Wade, Dist. Atty., and John J. Orvis, Asst. Dist. Atty., Dallas, for appellee.

CRAMER, Justice.

This action was by appellee State of Texas under Art. 666, Sec. 42, as amended of the Vernon's Ann.Penal Code, for forfeiture of an automobile owned by Elzie White. The State alleged the automobile was used to transport illicit beverages in a wet area without a permit, in violation of Art. 666, Sec. 4(a), Vernon's Ann.Texas P.C. as amended. Appellant countered that the beverages were not illicit. Trial was to the Court on an agreed statement of facts, and resulted in a judgment of forfeiture of the automobile. Upon entry of the judg·ment Elzie White filed a supersedeas bond and retained possession of the automobile pending the appeal.

The parties, by their attorneys of Record, agreed to and stipulated the facts as follows: (1) "That on or about the 6th day of December 1957 H. R. Arnold, a police officer acting as such in the employ of the City of Dallas, in Dallas County, Texas, seized certain beverages to-wit: Forty-two half pint bottles of whiskey, ten one-half pint bottles of gin, twelve four-fifths quart bottles of wine and forty-eight pint bottles of wine, which were in the custody and possession of the defendant, Elzie White in the 4000 Block of San Jacinto Street in the City of Dallas, Dallas County, Texas, said location being in Precinct One in Dallas County, Texas, which is described as a wet area. Said beverages were in the trunk of an automobile owned and operated by Elzie White, said automobile being more fully described as one certain 1954 Oldsmobile Sedan, Motor Number

V–141533, bearing 1957 Texas License Plates TS 546. (II) It is further agreed and stipulated that the said Elzie White had neither applied for nor obtained a permit to transport such beverages under Art. 666—4(a), Chapter 8 of Vernon's Texas Penal Code. (III) That upon the date that said automobile was seized a lien in favor of Republic National Bank was in existence, same being plead by intervention, but that on the date of the trial hereof said lien has been extinguished and intervenor has abandoned said intervention. (IV) It is further stipulated that if Officer H. R. Arnold was present he would testify that when the defendant Elzie White was arrested and under arrest but within a few minutes after being arrested stated to Officer Arnold that he was bootlegging the alcoholic beverages in the seized 1954 Oldsmobile and that he had been bootlegging for a long time, to which defendant objected and moved to strike on ground it was an oral statement made while under arrest and therefore inadmissible in this proceeding, which objection was in all things sustained, to which plaintiff excepted. (V) It is further stipulated that the records in Cause No. 7557–C in the County Criminal Court No. 3 of Dallas County, Texas show that defendant was convicted of transporting illicit alcoholic beverages on Dec. 6, 1957, on the 3rd day of February 1958, upon a plea of guilty before the court, which said conviction arose out of the same transaction as the seizure herein at issue, and which is a final conviction, to which records and evidence the defendant objected and moved to strike on the ground that same was inadmissible because it was incompetent, irrelevant, constituted hearsay, occurred after the date of the transaction in which the automobile was seized, and is not evidence of the question of whether or not the beverages were illicit at the time of the seizure of the automobile, which objection was in all things overruled, to which defendant excepted."

On such stipulated facts the trial court (a jury having been waived) declared the automobile involved forfeited to the State, free of any lien, and awarded the automobile to the Texas Liquor Control Board for its use, if deemed necessary by the Director as provided in Sec. 42, Art. 666, Vernon's Ann.Texas Penal Code, or for disposition of the Board in accordance with Sec. 30, Art. 666, V.A.T.Penal Code, with costs taxed against the Board.

From such judgment Elzie White duly perfected this appeal by filing a supersedeas Bond in the amount set by the Trial Court, and here briefing two points, to-wit: (1) The Court erred in overruling appellant's objections and motion to strike the evidence offered in paragraph 5 of the stipulation; and (2) in entering judgment for forfeiture without requiring appellee to prove that appellant was required to have a permit under the provisions of Art. 666, Sec. 4(a), Vernon's Texas Penal Code, particularly in view of Art. 666, Sec. 23a(1) Vernon's Texas Penal Code.

These points were countered by the State that: (1) Evidence of a criminal offense that is germane to the forfeiture proceeding is admissible in evidence; (2) the State is not required to prove what type of permit is necessary to transport alcoholic beverages, and briefs one cross-point, as follows: A conviction in a criminal case arising from the same incident as the forfeiture proceedings is admissible in evidence.

■ Paragraph V of the stipulation is set out above, Rule 263, Texas Rules of Civil Procedure, provides for an "agreed case" and such agreed statement signed and certified by the court to be correct and judgment rendered thereon shall constitute the record of the cause. Praetorians v. Simons, Tex.Civ.App., 187 S.W.2d 238; Cobb v. Harrington, 144 Tex. 360, 190 S.W. 2d 709, 172 A.L.R. 837; Patton v. Wilson, Tex.Civ.App., 220 S.W.2d 184, N.R.E.

■ The agreed facts are to be considered in the nature of a special verdict and admit there is no dispute as to the facts

and is similar to a motion by each of the parties for a judgment on such facts, each party contending such agreed facts as a matter of law entitles it or him to a judgment.

■ The trial court, and on appeal, this Court, is limited to the agreed facts and cannot make findings not conforming to the agreed facts, Cousins v. Cousins, Tex. Civ.App., 42 S.W.2d 1043, Syl. 10; Hutcherson v. Sovereign Camp, Woodmen of the World, 112 Tex. 551, 251 S.W. 491, Syl. 2, 28 A.L.R. 823; and other cases cited in 36A Texas Digest, Trial ⊕368, p. 727; and Vernon's Annotated, Rule 8, Civil Procedure, Rule 263, and cases there cited.

■ Point 1 and the Counterpoint thereto raise only the question of the admissibility of the matters contained in paragraph 5 of the stipulation, countered that evidence of a criminal offense that is germane to the forfeiture proceeding is admissible in evidence. The records in the County Criminal Court No. 3, Dallas County, show Elzie White was convicted of transporting illicit beverages on December 6, 1957 upon a plea of guilty before said court February 3, 1958, that said conviction was final and arose out of the same transaction as the seizure here involved; and that Elzie White objected to such evidence when offered as being hearsay and not admissible.

In Hill v. Melton, Tex.Civ.App., 311 S.W.2d 496, Syl. 5 (writ dismissed), this Court speaking through Chief Justice Dixon, held that an appellee will not be required to furnish evidence of a fact admitted by appellant.

However, the rule applicable here is stated in 17 Tex.Jur. 575, Evidence-Civil Cases, Sec. 239, as follows: "Where both a civil suit and a criminal prosecution are based on the same transaction, a plea of guilty by the defendant in the criminal prosecution or a judgment of conviction based on such a plea, is admissable against him as an admission in the civil suit, and so are admissions made by him while under arrest on the criminal charge, whether he was warned before making them or not."

Usually such admissions or declarations against interest are not conclusive, but are subject to contradiction or explanation by the party against whom they are offered. 17 Tex.Jur. 575. See also Evans v. Ball, Tex.Civ.App., 6 S.W.2d 180 (Error Dis.) and Balaguer v. Macey, Tex.Civ.App., 238 S.W. 322.

· Under the record here point 1 is overruled.

■ Point 2 and the counterpoint thereto raised only the question of error in the States not proving the beverage here involved to be illicit. If the beverages seized were transported in violation of law, such beverages were illicit and should be forfeited, but if such violation did not occur, judgment should be for White and against the State.

Appellant contends under point 2 that "The sole fact disclosed by the stipulation is that appellant never applied for, nor obtained, a permit to transport such beverages under Act. 466–4A" and "There is no evidence in the record indicating appellant was required to have such permit".

The stipulation is authorized by Rule 263, T.R.C.P., which provides that the "Parties may submit matters in controversy to the court upon an agreed statement of facts filed with the clerk, upon which judgment shall be rendered as in other cases; and such agreed statement signed and certified by the court to be correct and the judgment rendered thereon shall constitute the record of the cause."

On such record we find no reversible error shown by point 2.

Point 2 is overruled.

■ Appellee files a cross-point of error that "The Liquor Control Act does not allow a vehicle seized thereunder to be retained by a violator through a supersedeas

bond after the trial of the forfeiture proceeding."

Here the seized 1954 Oldsmobile involved was replevied by appellant White shortly after notice of seizure and intended forfeiture was pled by White, and after the trial, and after pronouncement of judgment, the trial court set a supersedeas bond in the sum of $1,600, and appellant Elzie White still has the use of the seized 1954 Oldsmobile here involved.

Art. 666–42(a) provides material here that all illicit beverages, as defined by the Act, "together with containers and any device in which the beverage is packaged, and any * * * automobile * * * or any other vehicle, used for the transportation of any illicit beverage, * * * may be seized with or without a warrant by an agent or employee of the Texas Liquor Control Board, or by any peace officer"; provides that such seized beverages shall be replevied, or be stored by the Board, or any Sheriff, to be held for final action of the court, further provides for the replevy of such automobile, so seized, by the owner or lawful lien holder upon execution of bond with sufficient surety, to be approved by the officer, and conditioned to return said property to the officer on the day of trial of any suit for the forefeiture of such property and abide the judgment of the court. Also provides for forfeiture of such beverages under rules there set out, by judgment, and disposition as provided in Art. 666–30, Vernon's Ann.P.C. Art. 666–42, Vernon's Ann.P.C., provides for, and the judgment further directs, that the automobile involved here be awarded the Texas Liquor Control Board for use and disposition as provided in Art. 666, Sections 30 and 42, and tax the cost against the Texas Liquor Control Board.

Under such record the counterpoint is sustained.

For the reasons stated the judgment of the trial court is

Affirmed.