**SHOPPERS WORLD, INC., Appellant,**

v.

*The STATE of Texas, Appellee.*

No. 14146.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 30, 1963.

Rehearing Denied Nov. 27, 1963.

Oscar Spitz, Corpus Christi, for appellant.

Sam L. Jones, Jr., Corpus Christi, for appellee.

MURRAY, Chief Justice.

This is an appeal from a judgment of the 105th District Court of Nueces County, granting the State of Texas a permanent injunction against Shoppers World, Inc., enjoining it from selling on the two consecutive days of Saturday and Sunday, certain items of merchandise named in Section 1 of Art. 286a Vernon's Ann.Penal Code, but providing, among other things, that such merchandise may be sold if the purchaser "will certify in writing that a purchase of such items of personal property is needed as an emergency for the welfare, health or safety of human or animal life, which said certification signed by the purchaser is retained by Defendant Shoppers World, Inc., for proper inspection for a period of one year, and such purchase is, *in fact, an emergency purchase to protect the health, welfare or safety of human or animal life believed by Defendant Shoppers World, Inc., after inquiry, on reasonable grounds, in the exercise of good faith, to be such emergency purchase.*" (Emphasis ours.) From this judgment Shoppers World, Inc., has prosecuted this appeal.

This action was brought by the State of Texas under the provisions of Art. 286a, Vernon's Ann.Penal Code, which prohibits the sale of certain items of merchandise on the two consecutive days of Saturday and Sunday, unless certain exempt conditions apply. The State of Texas alleged that Shoppers World, Inc., offered for sale and sold on both the two consecutive days of Saturday and Sunday, items of merchandise listed in Section 1, Article 286a, supra, in violation of the provisions of said Article, without justification or excuse by reason of any exemptions contained in said Article, which constituted a public nuisance subject to injunction.

This is an agreed case, as provided for by Rule No. 263, Texas Rules of Civil Procedure. All of the facts were stipulated and not one witness was placed upon the witness stand. Thus there can be no dispute as to the facts, and the question here presented is whether the trial court properly applied the law to the undisputed facts. Rule 263, T.R.C.P.; W. T. Burton Co. v. Keown Constructing Co., 353 S.W.2d 909; White v. State, Tex.Civ.App., 329 S.W.2d 446; Vol. 4 McDonald, Texas Civ.Practice, p. 1284, § 16.03.

■ Under the rule providing for an "agreed case" the trial court, and on appeal the reviewing court, is limited to the agreed facts and cannot make any findings of fact not conforming to the agreed facts. White v. State, supra.

The agreed statement of facts establishes without contradiction:

(1) That Defendant does not compel, force or oblige its employees to offer to sell or to sell any of the items of personal property listed in Section 1, Article 286a, Vernon's Ann.P.C., on the consecutive days of Saturday and Sunday; and that no employee of Defendant who works on Saturday works on the consecutive days of Sunday following.

(2) That where Defendant sells or offers for sale an item of personal property listed in Section 1, Article 286a, Vernon's Ann.P.C., on the consecutive days of Saturday and Sunday, such sale or offer to sell on Sunday is made only to purchasers who certify in writing that the purchase of the item is needed as an emergency for the health, welfare or safety of human or animal life and such purchase is an

emergency purchase to protect the health, welfare or safety of human or animal life; but not otherwise.

(3) That this policy, practice and procedure has been publicized by Defendant by newspaper advertisements and by signs which are placed throughout Defendant's store on Sundays, and that Defendant has given written instructions to all of its employees demanding strict adherence to such policy, practice and procedure.

(4) That if a purchaser refuses to sign a certificate of necessity, which many do so refuse, the item is not sold to the purchaser, but is returned to Defendant's racks or shelves, and the sale is not made.

(5) That where a customer indicates hesitancy or doubt about signing the certificate of necessity, the store manager is called, and he, to the best of his ability, then questions the purchaser as to the existence and nature of the emergency requiring the purchase, and only if the store manager is then satisfied that an emergency exists is the sale permitted to be consummated upon the purchaser signing the certificate of necessity; otherwise the store manager advises the customer that the sale cannot be made, and the sale is not made, but the merchandise is returned to Defendant's shelves or racks.

(6) That Defendant sells and offers for sale in the store on the consecutive days of Saturday and Sunday drugs, gasoline, vehicle lubricants, and other items which may be sold or offered for sale without legal restriction by any merchant on the consecutive days of Saturday and Sunday.

(7) That all written certificates of necessity signed by customers are being retained by Defendant at its place of business for proper inspection.

■ If the findings of fact made by the trial court attempt to add any facts not agreed to, or that are in conflict with the above facts, they must be disregarded by us. Rule 263, supra; Vol. 4, McDonald, Tex.Civ.Practice, supra.

Art. 286a, supra, is a penal statute and reads in part as follows:

"Section 1. Any person, on both the two (2) consecutive days of Saturday and Sunday, who sells or offers for sale or shall compel, force or oblige his employees to sell any (naming many items of merchandise) shall be guilty of a misdemeanor. Each separate sale shall constitute a separate offense.

"Sec. 2. Nothing herein shall apply to any sale or sales for charitable purposes or to items used for funeral or burial purposes or to items sold as a part of or in conjunction with the sale of real property.

* * *

"Sec. 4a. When a purchaser will certify in writing that a purchase of an item of personal property is needed as an emergency for the welfare, health or safety of human or animal life and such purchase is an emergency purchase to protect the health, welfare or safety of human or animal life, then this Act shall not apply; provided such certification signed by the purchaser is retained by the merchant for proper inspection for a period of one (1) year."

The court's order granting the permanent injunction contains the following paragraph:

"This injunction does not prevent a sale of any of such enumerated items on the second of two consecutive days of Saturday and Sunday when the purchaser initiates the sale by offering to purchase without a prior offer on the part of the Defendant, Shoppers.

World, Inc., to sell and the purchaser will certify in writing that a purchase of such items of personal property is needed as an emergency for the welfare, health or safety of human or animal life, which said certification signed by the purchaser is retained by Defendant, Shoppers World, Inc., for proper inspection for a period of one year, *and such purchase is, in fact, an emcrgncy purchase to protect the health, welfare or safety of human or animal life believed by Defendant, Shoppers World, Inc., after inquiry, on reasonable grounds, in the exercise of good faith, to be such emergency purchase."* (Italics ours.)

 It is apparent that the trial court undertook to add the above underscored words to Section 4a of Article 286a. This the court may not do. The statute must be construed as it was written by the Legislature; it cannot be added to by the courts. It is well established that the Courts are not permitted to legislate in criminal matters, and accordingly are not permitted to add to statutory exemptions more onerous conditions which the Legislature did not see fit to impose, Miles v. State, 157 Tex.Cr.R. 188, 247 S.W.2d 898; nor is it the duty of the Courts to supply omissions in a law or to question the policy or wisdom thereof. Evans v. Terrell, 101 Tex. 167, 105 S.W. 490; Gilmore v. Waples, 108 Tex. 167, 188 S.W. 1037; City of Fort Worth v. Westchester House, Tex.Civ.App., 274 S.W.2d 732.

The record shows that appellant was strictly complying with the provisions of Art. 286a, Sec. 4a, supra, and was therefore not violating the law in making sales on Sunday.

It would have been very easy for the Legislature to add to Sec. 4a, the part in effect added by the trial court, if it had intended to do so. It appears, however, that had the Legislature attempted to add to Sec. 4a, supra, the test prescribed by the trial court, the Act would have been rendered void as a criminal statute, as being vague and uncertain. State of Kansas v. Hill, 189 Kan. 403, 369 P.2d 365, 91 A.L.R.2d 750.

The trial court erred in granting the injunction. Accordingly, the judgment of the trial court is reversed and the injunction dissolved and held for naught.