**ATLANTIC MILLS THRIFT CENTER OF SAN ANTONIO, INC., et al., Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 14329.**

Court of Civil Appeals of Texas.

San Antonio.

Dec. 16, 1964.

Bloch & Walton, Corpus Christi, Jay S. Fichtner, Dallas, for appellants.

James E. Barlow, Dist. Atty., William J. Condon, Asst. Dist. Atty., San Antonio, for appellee.

BARROW, Justice.

This is an appeal by Atlantic Mills Thrift Center of San Antonio, Inc., Spartan Industries, Inc., and Jerome N. Kitzis and Truman W. Kasper, managers of Spartan stores in San Antonio, from a permanent injunction granted the State of Texas restraining appellants from violating Art. 286a, Vernon's Ann.Penal Code, through scheme or subterfuge, by selling or offering for sale certain merchandise on the consecutive days of Saturday and Sunday.

The trial court heard the evidence adduced for and against each store operation separately, although the defendants were tried together and one judgment entered. The manner of operating defendants' stores on Saturday and Sunday was substantially similar to that of Shoppers World in the recent case of State. v. Shoppers World, Inc., 380 S.W.2d 107 (Tex.1964), affirming 373 S.W.2d 374, and will not be set forth in detail. It is sufficient to say that several witnesses for the State testified concerning purchases made of articles enumerated in Sec. 1 of Art. 286a, supra, on consecutive Saturdays and Sundays. All purchasers were required to sign certificates of necessity forms furnished by the stores before the sales were completed. If a purchaser refused to sign the certificate or told the cashier that the purchase was not a necessity, the sale was not made. The trial court found, however, that the method by which the defendants secured the "Certificate of Necessity Purchase" from the purchaser constituted in substance a scheme and subterfuge to avoid and evade Art. 286a, supra.[1]

The Supreme Court in State v. Shoppers World, Inc., supra, construed Art. 286a as requiring as a condition of the right to sell the articles listed in Sec. 1 of the statute on both Saturday and Sunday, only a certificate of the purchaser that an item is needed as an emergency for the welfare, health or safety of human or animal life, and that the purchase is in fact an emergency purchase to protect the health, welfare or safety of human or animal life. It was said: "The duty is not imposed on respondent (seller) to determine whether the certificate is signed in good faith."

The certificate required by defendants is in strict compliance with Sec. 4a of Art. 286a, and under the undisputed evidence no sales of the listed items have been made on both Saturday and Sunday without obtaining a certificate from the purchaser. There is therefore no basis for the injunction granted by the trial court. State v. Shoppers World, Inc., supra.

The judgment of the trial court is reversed and the injunction dissolved and held for naught.

---

1. "8. After a shopper had selected the items desired to be purchased on a Sunday, an employee of the Defendants would present to such purchaser a printed form prepared by the Defendants on which said employee would list the items of merchandise purchased by the customer and require the purchaser to sign his or her name to such printed form. In this regard, it is the finding of the Court that the purchasers were not advised to read the printed matter on said form, nor were they told or advised of the nature or character of the form or of the purpose for which it was required. Defendants made no attempt to ascertain the identity of the person signing said form, nor were such persons interrogated to determine whether or not the merchandise so purchased was, in the opinion of either the Defendants or the purchaser, a purchase made as an emergency purchase to protect the welfare, health or safety of human or animal life as required under the above mentioned Penal Code."