**Delmer L. URBANCZYK, Appellant,**

v.

**Suzanne Muckerman URBANCZYK, Appellee.**

**No. 1504.**

Court of Appeals of Texas, Tyler.

April 29, 1982.

Robert G. Boomer, Smith, Crooks, Miller & Boomer, Dallas, for appellant.

John F. Maxfield, Stigall, Maxfield, Collier & Murphey, Dallas, for appellee.

SUMMERS, Chief Justice.

This is an appeal from that portion of a divorce judgment awarding the wife's counsel an attorney's fee of $5,000 to be paid by her husband.

The divorce action was filed by appellee (wife) on March 5, 1979, seeking a dissolution of the marriage on the ground of insupportability, a division of the estate of the parties, appointment of herself as managing conservator of the children and payments from the husband as child support. In addition, appellee sought an award against appellant for reasonable attorney's fees. Appellant (husband) filed his answer and cross-action for divorce on March 14, 1979. The cause was submitted to the court with an agreement made by the parties prior to trial on all issues except that of an attorney's fee for the wife's attorney and a division of the guardian ad litem's fee. The court's decree of divorce, which was approved by all parties prior to its entry, included a fee awarded to the ad litem divided between the parties and the award of an attorney's fee of $5,000 against the husband for the wife's attorney. The husband has now appealed from that portion of the decree awarding the attorney's fee against him for the wife's counsel.

We affirm.

Appellant has predicated his appeal upon a single multifarious point of error complaining that the court failed to order a partition of the parties' estate which was just and right, and abused its discretion in awarding "attorneys' fees against appellant" without considering the effect of such award on the division of the community estate.[1] We do not reach this point because we find another matter shown by the record which requires an affirmance of the case. The agreement negotiated by the parties prior to trial, with assistance of the guardian ad litem, and later ordered by the court, provided for the parties' joint managing conservatorship of their two children under eighteen years of age; that each party would have custody of said children for six months each year, each parent defraying the cost of their support during his or her term of possession. Further, the husband agreed, and was later ordered by the court, to financially assist the wife on a year-around basis by paying her $62.50 per week for each child as child support when she had custody and $25 per week per child when the children were in his custody. Having resolved the custody and child support issues, the parties proceeded to agree upon a partition of their community estate. Thereafter, the parties presented their agreements as to conservatorship and custody, child support and property division for

[1]. In his brief appellant states he does not complain of the manner in which the court divided responsibility for payment of the ad litem's fee; that his only complaint is the trial court's award against him of the fee for appellee's attorney.

the court's approval. The wife's request for an award of a reasonable fee for her attorney, and a legal fee properly divided for the ad litem, were the only issues remaining for the court's adjudication.

The trial court held a hearing on May 16, 1980, at which time testimony was adduced relating to these two issues. At the conclusion of the testimony and remarks of counsel, the trial judge announced from the bench that he would sign a judgment granting the divorce; that as to an attorney's fee for the wife's counsel, he would award only $5,000 to be paid by the husband and any balance paid would have to come from appellee; that he would award $1,328 as a fee for the ad litem of which the wife was to pay $270 and the husband the remaining $1,058. No objection was made to the court's ruling, and the court complimented the parties "on working to get the case settled."

On May 23, 1980, the court signed its decree of divorce, ordering the conservatorship and custody, child support, and property settlement provisions in accordance with the agreement of the parties. The court further awarded an attorney's fee in the amount of $5,000 against the husband for the wife's counsel and an ad litem's fee of $1,328, divided between the parties, as previously announced from the bench.

In pertinent part, the court's judgment of May 23, 1980, contained the following recitation:

> The court, having considered the circumstances of the parents and of the children, *and finding that the parties have agreed to the entry of the following orders, as evidenced by their signatures below,* finds that the following orders are in the best interest of the children. (Emphasis added.)

Thereafter, the judgment set forth the other orders of the court including the decree that the wife's attorney be awarded judgment against the husband in the amount of $5,000 for legal services rendered.

The judgment ended showing date of signing as the 23rd day of May, 1980, followed by the court's signature, and then the signatures of the parties and all counsel signifying their approval as follows:

APPROVED:

/s/ Suzanne Muckerman Urbanczyk
Petitioner

/s/ D. L. Urbanczyk Jr.
Respondent

APPROVED AS TO FORM:

/s/ John F. Maxfield
Attorney for Petitioner

/s/ Charles H. Robertson
Attorney for Respondent

/s/ Lee Clemens
Attorney ad litem

As shown by the recitation in the court's judgment, and as borne out by the signatures of the parties giving unqualified approval to the decree and the court's orders therein, we hold that appellant consented and acquiesced to the entry of the court's judgment and thereby waived the right on appeal to complain of all errors, if any, in the judgment, except such as might go to the jurisdiction of the court. The complaint in appellant's appeal is not jurisdictional. *Sandoval v. Rosser*, 86 Tex. 682, 26 S.W. 933, 934–35 (1894); *Toplitsky v. Toplitsky*, 282 S.W.2d 254, 256 (Tex.Civ.App.—Galveston 1955, writ ref'd n.r.e.); *Shawver v. Masterson*, 65 S.W.2d 1111 (Tex.Civ.App.-Eastland 1933, writ dism'd); 5 Tex.Jur. 3rd Appellate Review, §§ 158, 578 and 579.

The judgment of the trial court is affirmed.

MOORE, J., not sitting.