**Theresa Rae Rogers MINNICK, Appellant,**

v.

**Ronald Ray ROGERS, Appellee.**

No. 12–93–00035–CV.

Court of Appeals of Texas, Tyler.

March 30, 1994.

Thomas A. Dunn, Tyler, for appellant.

Bert Creel, Tyler, for appellee.

HOLCOMB, Justice.

This appeal arises from a court approved Agreed Order of Modification, after Appellee, who was divorced from Appellant effective February 14, 1989, brought an action to modify the Suit Affecting the Parent–Child Relationship. The wife failed to serve supplements to interrogatories thirty days before trial, instead serving them on a Monday, the twenty-eighth day before trial. After Appellee presented his case-in-chief, Appellant attempted to introduce the witnesses identified in the late supplementation. When Appellee objected, the court excluded the testimony of all of the witnesses listed in the late filed supplement. The parties then signed the Agreed Order of Modification which became the judgment of the court. Appellant sought new counsel and filed a motion for new trial; that being denied, she appealed. We will affirm.

Appellee initiated the suit, in September 1991, to modify the divorce decree to be named as the sole managing conservator. During the spring of 1992 interrogatories were propounded by both parties; while Appellant did not respond by the designated date, her counsel was told by counsel for Appellee that the requirement that all discovery and supplementation be complete thirty days before trial had not been waived. The case was set for jury trial for October 19, 1992. Appellant prepared her responses to interrogatories and signed them on September 3, 1992; they were filed on September 18, 1992, and delivered to Appellee on Monday, September 21, 1992. Supplementary answers were also filed and delivered on the 21st. When Appellant began her case, Appellee objected that the witnesses Appellant planned to call had to be excluded as a mandatory sanction under TEXAS RULE OF CIVIL PROCEDURE 215(5) for failing to supplement thirty days before trial.

The trial court conducted a hearing to determine if there was good cause to allow the testimony. Appellant's trial counsel testified that he knew that September 19, 1992 was thirty days before trial but that since it fell on a Saturday he thought that the next working day, Monday, September 21, 1992, would be acceptable under TEXAS RULE OF CIVIL PROCEDURE 166b(6).

Appellee argued that Appellant's counsel had the supplementary answers prepared and signed two weeks prior to delivering them to Appellee. Under these circumstances he argued that there was a purposeful attempt to keep the answers to the interrogatories from Appellee until the last possible moment. Appellant's counsel would have succeeded if he had been alert enough to count properly. Appellee argued that this was not inadvertence and would not amount to a showing of good cause.

The trial court decided that this was not good cause and excluded the testimony of all witnesses, except Appellant for purposes of rebuttal.[1] *Sharp v. Broadway Nat'l Bank,* 784 S.W.2d 669, 671–72 (Tex.1990) (lack of surprise of opponent and inadvertence of counsel are not good cause). Appellant asked, and received permission, to make a bill of exception as to the excluded testimony but failed to make the bill. Without a bill of exception or offer of proof this Court has nothing to review to determine if the testimony would have been sufficient to show Appellee's burden of proof that the trial court's decision caused the rendition of an improper judgment. *Bridges v. City of Richardson,* 354 S.W.2d 366 (Tex.1962); TEX.R.APP.P. 81(b). After a recess, the parties and their attorneys signed the judgment which the court had entered; it thus became the agreed judgment of the court.

■ Appellant argues, in her sole point of error, that this "death penalty" sanction was

---

1. This case was tried before the decision in *Remington Arms Co. v. Caldwell,* where the court held that a discovery dispute that is pre-trial must be decided by a pre-trial ruling or the claim, based on that conduct is waived. *Remington Arms Co. v. Caldwell,* 850 S.W.2d 167, 170 (Tex.1993). In this case the husband had not supplemented discovery, arguing that he misunderstood the difference in "identify" and "identity" in answering interrogatories and his witnesses were allowed to testify over objection.

error and "acted to unduly influence, coerce and place [her] under duress to such a degree that she signed an instrument that she would not have otherwise signed." It has long been the law in Texas that a "judgment entered by agreement cures all errors which do not go to the jurisdiction of the court." *Sandoval v. Rosser*, 86 Tex. 682, 26 S.W. 933, 934–35 (1894) (citations omitted); *Urbanczyk v. Urbanczyk*, 634 S.W.2d 34 (Tex.App.—Tyler 1982, no writ). When Appellant signed the agreement, she waived any error that preceded it, "except such as might go to the jurisdiction of the court." *Urbanczyk*, 634 S.W.2d at 36. The complaint in Appellant's appeal is not jurisdictional. *Id.* To the extent Appellant argues that the exclusion of witnesses was error, her argument is unpersuasive because of waiver.

■ The second part of Appellant's point of error is that she was under duress and forced to sign the agreement. "Consent takes away error, and a judgment ... by agreement ... cannot be impeached, unless for fraud, collusion, or like causes." *Dunman v. Hartwell*, 9 Tex. 495 (1853). Appellant argues that she may collaterally attack the judgment because of duress.

During the hearing on the motion for new trial Appellant testified that her trial counsel urged her, with dire warnings of sanctions, fines, and jail time, to accept the agreement. Appellant testified that she did not want to sign the agreement but that counsel pressured her by saying she would have to pay attorney's fees and possible sanctions of up to $15,000.00. Appellant's trial counsel also testified; he explained that he had reminded Appellant of the live pleadings that could cost her $15,000.00 and that because she was so upset he told her a story which he thought would keep her from saying something to the court that would result in contempt. Appellant and her trial counsel both testified that Appellant signed the agreed judgment of her own volition. Appellant has not shown that either Appellee or her attorney induced her to sign the agreement by misrepresentation, fraud, or collusion or that the trial court did not have jurisdiction to enter the order. While we agree that the failure of counsel to timely file the supplementary responses led the court to take severe action against Appellant which, understandably, put her under a great deal of pressure, we do not find this rises to the level of duress, collusion, or fraud which would vitiate the agreed judgment. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.

RAMEY, C.J., and BILL BASS, J., concur in the result.