# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00262-CV

**Willie Lloyd, Jr., Appellant**

v.

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT NO. B-99-0526-C, HONORABLE CURT F. STEIB, JUDGE PRESIDING

Willie Lloyd, Jr., appeals from the district court's order dismissing his petition for the return of almost $4000 seized when he was arrested for drug offenses. We will affirm.

On May 3, 1999, police in San Angelo arrested Lloyd and Sara Hardin while driving a rental car. In a search pursuant to arrest, the police found in the car a lockbox containing $3700, two watches, and another four items of jewelry. Another $275 was found in Lloyd's wallet. The police then executed a search warrant for a motel room registered to Hardin. The police believed Hardin and Lloyd were both staying in the room. The police found more than 200 grams of crack cocaine, mail addressed to Lloyd, medication prescribed to Lloyd, men's clothing, and eight items of jewelry in the room. Most of the cocaine was lumped in "cookies"; some had been chopped up and packaged into smaller "personal use dosages."

On May 12, the State filed a notice of seizure and intended forfeiture of the $3975 and the jewelry, alleging it was contraband under article 59.01 of the code of criminal procedure. *See*

Tex. Code Crim. P. Ann. arts. 59.01-.11 (West Supp. 2001) (governing forfeiture proceedings).[1]

Lloyd contested the forfeiture. On May 19, 2000, the district court signed an "Agreed Final Judgment of Forfeiture." The agreed judgment, which Lloyd and his attorney signed "approved as to form and substance," recited that the parties agreed that the cash and the jewelry were contraband and subject to forfeiture. Under the agreement, the cash was forfeited to the State; the jewelry was returned to Lloyd.

On April 6, 2001, Lloyd petitioned to have the money returned to him. He alleged the State had shown no proof that the money was contraband. The district court dismissed Lloyd's claim under chapter 14 of the Texas Civil Practice and Remedies Code, which governs suits filed by inmates *in forma pauperis*.[2] *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (West Supp. 2001). Lloyd contends the evidence was insufficient to support the court's dismissal.

An agreed judgment cures all nonjurisdictional errors. *Minnick v. Rogers*, 873 S.W.2d 420, 422 (Tex. App.—Tyler 1994, no writ). On appeal, this Court is limited to the agreed facts and may not make findings not conforming to those facts. *White v. State*, 329 S.W.2d 446, 449 (Tex.

---

[1] The seizing officer's affidavit was attached to the State's petition. The affidavit stated that the officer believed that the cash was proceeds from the delivery of a controlled substance and that the jewelry was acquired with such proceeds. He based his belief on the large amount of cocaine that greatly exceeded "typical personal use amounts" and the fact that the preparation of the cocaine indicated an intent to sell individual rocks. He further stated some of the jewelry was hidden with the drugs and cash and other jewelry was hidden separately.

[2] Under section 14.003 of the Civil Practice & Remedies Code, a court may dismiss a claim if it finds the claim is frivolous. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (West Supp. 2001). In deciding a claim is frivolous, the court may consider the inmate's chance of success, whether there is an arguable basis in law or fact for the claim, whether the inmate can prove supporting facts, and whether the claim is substantially similar to a earlier claim filed by the same inmate and arising from the same operative facts. *Id*. § 14.003(b).

Civ. App.—Dallas 1959, writ ref'd n.r.e.). A party may not agree to a judgment and then later file a new proceeding disputing the facts recited in the earlier agreement. *See Cortez v. Liberty Mut. Fire Ins. Co.*, 885 S.W.2d 466, 470 (Tex. App.—El Paso 1994, writ denied). A party is barred by collateral estoppel from attacking a judgment to which he earlier agreed. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992); *Freeman v. Cherokee Water Co.*, 11 S.W.3d 480, 483 (Tex. App.—Texarkana 2000, pet. denied); *Cortez*, 885 S.W.2d at 470.

When Lloyd signed the agreed judgment, he waived the nonjurisdictional error of which he now complains. *Minnick*, 873 S.W.2d at 422. The State was not required to prove facts admitted by Lloyd. *White*, 329 S.W.2d at 449. By signing the agreed judgment, Lloyd admitted that the money and the jewelry were contraband and subject to forfeiture. Lloyd may not now attack the agreed judgment and insist on proof that the money was contraband. We overrule Lloyd's argument and affirm the district court's judgment of dismissal.

_____

Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed:   October 25, 2001

Do Not Publish

3