Affirmed and Memorandum Opinion filed December 16, 2003









Affirmed and Memorandum Opinion filed December 16,
2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00530-CV

____________

 

JAMES M. BENNETT, Individually,
and d/b/a BENNETT & ASSOCIATES, Appellants

 

V.

 

JOHN F. LACY d/b/a ABACUS
RESEARCH & TECHNOLOGY,
Appellee

 



 

On Appeal from the County
Court at Law

Washington County, Texas

Trial Court Cause No. 02-21

 



 

M E M O R A N D U M  
O P I N I O N

Appellants, James M. Bennett, Individually and d/b/a Bennett
Associates, appeal the trial court=s judgment in favor of appellee, John F. Lacy d/b/a Abacus Research &
Technology.  We affirm.  








A review of the clerk=s record reflects the
following.  On March 6, 2002, Lacy sued
Bennett.  In his original petition, Lacy
alleged he was a professional engineer employed by Abacus.  In 1997, Bennett, an attorney, retained him
as an expert witness in Jennie Drain, Individually, and as Administratrix of the Estate of Joe D. Drain v. Galveston
County, No. G-97-316, in the United States District Court for the Southern
District of Texas, Galveston Division, involving the fatal shooting of Joe
Drain by a Galveston County Constable. 
Bennett retained Lacy to perform an analysis of the shooting, including
bullet trajectory and ballistic analysis. 
Lacy prepared a report dated January 28, 1998, on which he spent over
100 hours, incurring expenses in investigation, analysis, and preparation.  Lacy alleged that Bennet
had partially paid him, but a balance of $16,440.80 remained, which Bennett
refused to pay.  Accordingly, Lacy
brought suit on a sworn account and asserted a claim for breach of contract.  

Bennett filed a motion for change of venue, contingent
answer, counterclaim for fraud, and request for disclosure.  Bennett alleged that Lacy advertised his
services as an expert in a legal publication. 
Bennett spoke to Lacy about an excessive force case involving a man who
shot his wife and then when he attempted to surrender, A[a] constable then shot him
dead.@  Lacy assured Bennett that he was a highly
qualified expert in the area of police shootings.  After deposing Lacy, Galveston County moved
to disqualify him.  The federal
magistrate ruled that Lacy was not qualified to testify on the topic of police
shootings or any other type of shooting. 
The magistrate=s ruling occurred after the
deadline to designate experts had passed, leaving Bennett without a shooting
expert in the excessive force action. 
Bennett lost the case.  Bennett
alleged that Lacy=s misrepresentation of his
qualifications was intentional and he would not have retained Lacy had he known
that Lacy was not qualified to testify as an expert on police shootings.  Bennett sought $400,000Cthe amount to compensate him
for the loss of a fee in a case he claims he would have won if Lacy had not
lied to him, plus punitive damages.  

On December 9, 2002, the trial court ordered the parties to
mediation.  According to the trial court=s order on the mediation fee
signed March 21, 2003, the case was mediated on March 20, 2003.  On April 3, 2003, an AAgreed Final Judgment@ was signed by the trial court,
ordering that Lacy recover from Bennett $23,100 and that Bennett take nothing
on his counterclaim against Lacy.  








In his first issue, Bennett argues the trial court erred in
entering the Agreed Judgment because it was not agreed to by the parties.  Bennett claims he (1) never saw the Agreed
Judgment until after the trial court had signed it; (2) never agreed to its
terms; and (3) did not give Lacy=s counsel permission to sign it
on his behalf.[1]  Bennett also claims a number of terms of the
settlement agreement were to be incorporated into the judgment, but were not
and, therefore, the Agreed Judgment does not accurately reflect the agreement
between the parties.[2]  

A party cannot appeal from or attack a judgment to which he
has consented or agreed absent an allegation and proof of fraud, collusion, or
misrepresentation.  Henke v. Peoples
State Bank of Halletsville, 6 S.W.3d 717, 720
(Tex. App.CCorpus Christi 1999, pet dism=d w.o.j.);
Gillum v. Republic Health Corp., 778
S.W.2d 558, 562 (Tex. App.CDallas 1989, no writ); Urbanczyk v. Urbanczyk,
634 S.W.2d 34, 36 (Tex. App.CTyler 1982, no writ).  Bennett did not file any post-trial motions
such as a motion for new trial attacking the Agreed Judgment on the basis that
he did not agree to the Agreed Judgment or that Lacy=s attorney, Robert Dees, did
not have his permission to sign the Agreed Judgment on his behalf.  See Tex.
R. Civ. P. 324(b)(1) (providing that motion
for new trial is required as prerequisite to appeal for complaint on which
evidence must be heard).  








Moreover, a recitation in the judgment is presumed to be
true; however, that presumption is rebutted when a conflict exists between the
recitals in the judgment and the record. 
Alcantar v. Oklahoma Nat=l Bank, 47 S.W.3d 815, 823 (Tex. App.CFort Worth 2001, no pet.); Aldine
Indep. Sch. Dist. v. Baty, 946 S.W.2d 851, 852B53 (Tex. App.CHouston [14th Dist.] 1997, no
writ); MJR Fin., Inc. v. Marshall, 840 S.W.2d 5, 9 (Tex. App.BDallas 1992, no writ).  Without a motion for new trial raising any
complaints Bennett had with the judgment, no record was developed demonstrating
any conflict between the record and the recitals in the judgment, which are
presumed to be true.  Thus, because
Bennett did not file a motion for new trial, he has waived any such complaints
on appeal.  Bennett=s first issue is
overruled.  

Bennett asserts in a separate issue that he mailed all
documents relevant to this appeal to Lacy=s appellate counsel.  On June 30, 2003, Lacy filed Appellees Emergency Motion for Court to Order Appellants to
Serve Appellee with Filings, complaining that Bennett
had not served him with his notice of appeal, his motion for extension of time
to file his brief, or his reply to this court=s order dated June 3, 2003, in
violation of Texas Rules of Appellate Procedure 9.5 and 25.1(e).  Tex.
R. App. P. 9.5, 25.1(e).  On July
31, 2003, we denied Lacy=s motion, but stated ARule 9.5 requires service on
opposing counsel; courts [sic] will entertain motion for relief if appellant
does not comply with Rule 9.5.@  We addressed this issue in our July 31, 2003
order.  Therefore, appellant=s second issue is
overruled.  

Accordingly, the judgment of the trial court is
affirmed.  

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

Judgment
rendered and Memorandum Opinion filed December 16, 2003.

Panel
consists of Justices Yates, Hudson, and Fowler.











[1]  The last page
of the judgment states, AAGREED AND APPROVED AS TO FORM AND SUBSTANCE.@  It is first
signed by ARobert G. Dees@ as
attorney for Lacy.  Below that, it is
signed AJames M. Bennett, RGD*,@ with
the asterisk indicating below that Dees signed for Bennett Aby permission.@  





[2]  Bennett has
attached a copy of the Mediated Settlement Agreement to his brief.  Because the Mediated Settlement Agreement was
not before the trial court at the time it signed the Agreed Judgment, we cannot
consider it.  Crossley
v. Staley, 988 S.W.2d 791, 794 (Tex. App.CAmarillo
1999, no pet.); Farmer v. Ben E. Keith Co., 919 S.W.2d 171, 176 (Tex.
App.CFort Worth 1996, no writ); Waddy
v. City of Houston, 834 S.W.2d 97, 101 (Tex. App.CHouston [1st Dist.] 1992, writ denied); Marek v. Tomoco Equip.
Co., 738 S.W.2d 710, 712 (Tex. App.CHouston
[14th Dist.] 1987, no writ).